ENTER NO JS-6 SEND

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN - 8 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ MARIA ROCHA, and DONATUS McCOY, individuals, and on behalf of all others similarly situated; and AMERICAN DISABILITY INSTITUTE, a non-profit Pennsylvania Corporation, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>YOSHINOYA WEST, INC.; and YOSHINOYA AMERICA, INC.,<br><br>Defendants. | CASE NO. CV 06-00487 MMM (AJWx)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE CLASS CERTIFICATION MOTION *NUNC PRO TUNC*; AND GRANTING DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS |

Plaintiffs Luz Maria Rocha, Donatus McCoy, and the American Disability Institute filed this action on behalf of a putative class "of mobility impaired/wheelchair-bound persons who have patronized or would like to patronize" Yoshinoya restaurants at 33 locations.[1] They allege violations of the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act, and the California Disabled Persons Act. Plaintiffs failed to file a motion for class certification within 90 days of effecting service on defendants – i.e. by July 7, 2006 – as required by Local Rule 23-3. They now seek leave to

---

[1] Complaint, ¶¶ 2, 30-31.

file a motion for class certification *nunc pro tunc*. Defendants, in turn, have moved to strike the class allegations from the complaint.

## I. FACTUAL BACKGROUND

Plaintiffs filed this action on January 25, 2006 and served defendants with summons and complaint on April 7, 2006. Under Local Rule 23-3, they were required to file a motion for class certification within 90 days after serving the complaint, i.e. by July 7, 2006. Sometime before that date, in May 2006, the parties began to negotiate a possible extension of the deadline. Plaintiffs proposed that the date be extended to October 1, 2006.[2] Julie Trotter, an attorney for defendants, sought an even longer extension, to December 1, 2006, because she planned to be on maternity leave until September 2006, and anticipated that she would need to prepare for trials in October 2006.[3] In a May 2, 2006 conversation, plaintiffs objected to defendants' proposed December 1, 2006 date and again suggested October 1, 2006.[4]

By letter dated May 3, 2006, plaintiffs asked defendants to advise them "by the end of the week" of their position "with respect to entering into a stipulation to defer the filing of a class certification motion."[5] Shortly afterward, Trotter contacted Evan Smith, a lawyer for plaintiffs, and advised him that defendants would agree to the October 1, 2006 date.[6] On May 18, 2006, plaintiffs emailed Trotter a copy of a proposed stipulation.[7] Trotter replied, asking that the proposed stipulation be revised to allow

---

[2] Declaration of Evan J. Smith ("Smith Decl."), ¶ 4.

[3] *Id.*

[4] *Id.*; Declaration of Marc L. Ackerman ("Ackerman Decl."), ¶ 2.

[5] Ackerman Decl., Exh. 1 (Letter from Steven S. Wang to Lisa A. Wegman and Julie R. Trotter, May 3, 2006).

[6] Smith Decl., ¶ 5.

[7] Ackerman Decl., Exh. 2 (Email from Ackerman to Trotter; Proposed Stipulation Setting Class Certification Motion Briefing).

2

defendants' 45 days to file opposition to the motion.[8] Trotter explained that defendants believed they would need additional time because they might be required to respond simultaneously to motions in the related case of *Murilla v. Del Taco, Inc.*, CV 06-0875 PA (MANx).[9] After further email exchanges, plaintiffs agreed. They drafted a proposed stipulation that required plaintiffs to file motions for class certification by October 1, 2006, and set November 15, 2006 as the deadline for the filing of defendants' opposition.[10]

On May 31, 2006, Ackerman emailed Trotter revised stipulations for this case and *Murilla*, with a note stating, "If dates are good, we'll sign off and send to you for filing."[11] Ackerman notes that "while the parties did sign off on the stipulation in the other action [*Murilla*], the parties did not file the Stipulation in this action."[12] Nonetheless, both parties "moved forward as if the stipulation had been entered."[13]

On September 6, 2006, Ackerman contacted defendants to suggest that the parties file a stipulation extending the October 1, 2006 deadline.[14] Defendants refused. Ackerman sent a follow-up email, asserting that plaintiffs would file an ex parte application unless defendants agreed (a) to an extension of time or (b) to allow plaintiffs "the opportunity to conduct the corporate designee deposition with enough time to utilize the testimony in support of the motion [for class certification]."[15] Defendants

---

[8] *Id.*, Exh. 2.

[9] *Id.* at Exh. 3 (Email exchange among Ackerman, Trotter, and Wegner).

[10] *Id.* at Exh. 3 (Email exchange among Ackerman, Trotter, and Wegner) and Exh. 4 (Email From Ackerman to Trotter; Proposed Stipulation); Defendants' Request for Judicial Notice in Support of Opposition to Plaintiffs' Motion for Leave to File a Motion for Class Certification *Nunc Pro Tunc* ("RJN"), Exh. 2 (Stipulation Setting Class Certification Motion Briefing, Denied By Judge Percy Anderson on June 2, 2006).

[11] *Id.* at Exh 4 (Email from Ackerman to Trotter; Proposed Stipulation).

[12] *Id.*, ¶ 8.

[13] *Id.*, ¶ 9.

[14] *Id.*, Exh. 5 (Email exchange between Ackerman and Wegner).

[15] *Id.*

3

1 refused both requests, but "at no time did [they] state that the basis for the refusal was [their] belief that
2 the date for filing the motion for class certification had already passed."[16]
3 Unable to resolve the matter through negotiation, plaintiffs filed an *ex parte* application on
4 September 12, 2006, seeking to extend the motion filing deadline. Defendants opposed the application,
5 stating that, "as a courtesy to Plaintiffs, Defendants previously stipulated to a prior extension of the class
6 certification deadline," but that it was unclear whether the stipulation had been filed with the court.[17]
7 On September 19, 2006, Judge Ronald S. W. Lew denied the *ex parte* application, noting that the court
8 had not received a stipulation to extend the Local Rule 23-3 deadline and that plaintiffs' motion was
9 more than 60 days overdue.[18]
10 The case was transferred to this court on September 20, 2006, and plaintiffs moved for leave to
11 file a motion for class certification on October 10, 2006. Thereafter, defendants filed a motion to strike
12 the class allegations in the complaint on the basis that a motion for class certification had not been filed
13 by the Local Rule 23-3 deadline.

## II. DISCUSSION

### A.   Legal Standard Governing The Timeliness Of Motions For Class Certification

A class certification motion must be brought "[a]s soon as practicable after the commencement of an action brought as a class action." FED.R.CIV.PROC. 23(c)(1). Plaintiffs filing suits on behalf of putative classes in the Central District of California are held to a more specific deadline set forth in Local Rule 23-3. This rule requires that plaintiffs file a class certification motion within 90 days after serving the complaint on defendants. See CA CD L.R. 23-3. District courts have broad discretion to enforce this rule. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to set filing deadlines and enforce local rules"); *Immigrant Assistance Project of Los*

---

[16] *Id.*, ¶ 12.

[17] *Id.*, ¶ 13.

[18] *Id.*, Exh. 6 (Order Denying Ex Parte Application for an Order Continuing Filing Date of Motion for Class Certification).

*Angeles County Federation of Labor (AFL-CIO) v. Immigration and Naturalization Service*, 306 F.3d 842, 849 n. 4 (9th Cir. 2002) (noting that plaintiff's untimely filing of its class certification motion under the local rules was an independent ground for denying class certification). By the same token, the court may, in its discretion, permit deviations from the local rules "where the effect is so slight and unimportant that the sensible treatment is to overlook [it]." *Professional Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994); *United States v. Simmons*, No. CV F 96-5948 AWI SMS, 2002 WL 31471419, *2 n. 1 (E.D. Cal. Aug. 13, 2002).

Citing the "policy reasons underlying class actions," some courts have concluded that class certification motions should not be denied simply because the named plaintiffs failed to seek certification in a timely manner. In *Buttino v. FBI*, No. C-90-1639SBA, 1992 WL 12013803, *5 (N.D. Cal. Sept. 25, 2002), the court certified a class over defendant's objection that the motion had been filed eight months after the deadline imposed by the local rules. The court observed that "where a lawsuit fulfills the requirements of a class action, the fundamental objective of facilitating judicial economy [by aggregating individual claims in a class action] supports a finding that a motion for class certification should not be defeated [just because] the motion is somewhat untimely." *Id.* See also *Gray v. Greyhound Lines*, 545 F.2d 169, 173 n. 11 (D.C. Cir. 1976).

There are strong countervailing policy concerns, however. Plaintiffs' failure to seek class certification in a timely fashion is a strong "indic[ation] that plaintiffs are not adequately and fairly representing the interests of the absent class." *Lyon v. State of Arizona*, 80 F.R.D. 665, 667 (D. Ariz. 1978); see also *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977) ("the named plaintiffs' failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those class members might expect to receive"); *Buckner v. Cameron Iron Works, Inc.*, Civil Action No. 72-H-292, 1978 WL 40, *2 (S.D. Tex. Jan. 3, 1978) (denying a motion for class certification and noting that "the failure of the named Plaintiffs to protect the interests of class membership by moving for class certification in a timely manner is a strong indication of the adequacy of the representation that those class members may expect to receive in this case"); *Burns v. State of Georgia*, Civil Action No. C76-49A, 1977 WL 51, *3 (N.D. Ga. Sept. 20, 1977) (denying class certification and expressing concern that class members would not be adequately

represented by plaintiffs who delayed unduly in seeking class certification, or by plaintiffs' counsel, who "displayed either an ignorance of, or a disregard for, the local rules of this court"); *Walker v. Columbia Univ.*, 62 F.R.D. 63, 64 (S.D.N.Y. 1973) ("the failure of plaintiffs' attorneys to make a timely motion, despite the clear and unambiguous language of the rule, leads us to the conclusion that they will not 'fairly and adequately protect the interests of the class'").

Fundamental fairness toward defendants also counsels against leniency for plaintiffs who fail to move for class certification in a timely fashion. As the court observed in *McCarthy v. Kleindiest*, 741 F.2d 1406 (D.C. Cir. 1984), "defendants are entitled to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs." *Id.* at 1411-12. In addition, delay may undercut the judicial efficiency class actions are designed to achieve. See *McCarthy*, 741 F.2d at 1412 (noting that the rules regarding the timely filing of class certification motions "foster the interests of judicial efficiency, as well as the interests of the parties, by encouraging courts to proceed to the merits of a controversy as soon as practicable"); *Walker*, 62 F.R.D. at 64 ("The public business of the court, however, has been hampered and delayed. The purpose of [Local] Rule 11A(c) and (d) is to prevent the parties in a class action from impeding the course and progress of the litigation by failing to move for a class action determination. Since the action cannot go forward until it has been determined to be a class action, it is important that a determination occur early in the litigation, as mandated by Rule 11A(c) and by Rule 23(c)(1)").

**B.     Whether Plaintiffs Should Be Granted Leave To File An Untimely Motion For Class Certification**

Plaintiffs argue that it is appropriate to permit the filing of a belated motion for class certification in this case, since the parties agreed to extend the motion filing deadline to October 1, 2006. Although defendants do not dispute that they agreed to an extension, the uncontroverted evidence before the court shows that a stipulation was never filed. Indeed, it appears the stipulation was never even *signed*.[19] As

---

[19] Although plaintiffs' evidence shows that they emailed an unsigned version of the proposed stipulation to defense counsel on May 31, 2006, (Ackerman Decl., Exh. 4), there is no indication that the parties ever signed the document. Indeed, Ackerman states that "while the parties did sign off on

the party seeking an extension, plaintiffs had an obligation to ensure that the document was properly signed and lodged. See *Orsini v. Kugel*, 9 F.3d 1042, 1046 (2d Cir. 1993) ("While Moisture Hacking admits that 'each of the parties shares responsibility' for failing to file the stipulation, it claims that it had reason to believe that the Rooses' counsel would perform the acts needed to effectuate the settlement. Nothing in the record, however, relieved Moisture Hacking of the obligation to monitor the progress of the action and attend diligently to matters affecting its interests," citing 11 Wright & Miller, FEDERAL PRACTICE & PROCEDURE, CIVIL § 2864, at 214 (1973) ("A party remains under a duty to take legal steps to protect his own interests")).

A stipulation, moreover, is not self-executing, as Judge Anderson's denial of an almost-identical stipulation in the *Murillo* case demonstrates. Plaintiffs apparently assumed that a stipulation would be approved and, based on that assumption, permitted the July 7, 2006 filing deadline to pass. *Bruce v. County of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281 (N.D.N.Y. Oct. 20, 2003) addressed a similar situation. There, plaintiffs moved for an extension of time on the day their motion was class certification was due. *Id.* at *1. The magistrate judge denied the motion, but plaintiffs did not learn of the denial until after the close of business. *Id.* Rather than filing their motion by the end of the day, plaintiffs apparently believed that their request would be granted, and failed to move for class certification before the deadline lapsed. *Id.* On review, the district court upheld the magistrate judge's decision, noting that "[a] party takes significant risks when it seeks an extension . . . at the proverbial eleventh hour. . . . The filing of a request for an extension . . . does not act as an automatic stay of the deadline, nor does it provide good cause for an extension of the deadline. To the contrary, it is evidence of being remiss in one's duties. Waiting until the proverbial eleventh hour to take action is always risky business, as evidenced by the negative outcome in this case." *Id.* at *2. It concluded that plaintiffs' failure to comply with the motion filing deadline precluded them from seeking class relief. *Id.*

Like the plaintiffs in *Bruce*, plaintiffs here did not act diligently to protect their rights. Indeed, plaintiffs were more dilatory than the plaintiffs in *Bruce*, since they waited until *after* the filing deadline to seek leave to file a late class certification motion. The evidence shows that plaintiffs (1) failed to

---

the stipulation in the other action [*Murillo*], the parties did not file the Stipulation in this action." (*Id.*, ¶ 8). Had the parties signed the stipulation in *this* action, Ackerman would surely have said so.

7

ensure that defendants signed the stipulation and failed to ensure that it was filed with the court; (2) they neglected to check the docket to ascertain whether the stipulation had been approved, despite the fact that Judge Anderson, on June 2, 2006, denied an almost-identical stipulation in *Murillo*; (3) permitted the July 7, 2006 motion filing deadline to pass without taking action; and (4) requested a further extension from Judge Lew in September 2006, not realizing that the date had not been extended to October 1, 2006, and that the original July deadline had passed more than two months earlier. Plaintiffs provide no cognizable excuse for their lack of diligence in checking to ensure that a stipulation extending their deadline to October 1 had been filed. Nor do they offer any explanation as to why they thought the document had been filed. See *Kramer v. New Orleans Saints*, No. Civ.A. 01-2451, 2002 WL 1163619, *1 (E.D. La. May 30, 2002) (refusing to extend the deadline for the filing of a class certification motion and noting that "[p]laintiffs have demonstrated a lack of interest in aggressively pursuing the interests of the putative class in matters of discovery and class certification"); *Flora v. Moore*, 78 F.R.D. 358, 361 (N.D. Miss. 1979) (plaintiffs' lack of diligence and failure to comply with deadlines set forth in the local rules for the filing of motions for class certification "convinces us that this cause has not been vigorously prosecuted in order to protect the interests of the class").

This lack of diligence on plaintiffs' part does not bode well for putative class members who must rely on plaintiffs and their attorneys to protect their interests. See *East Texas Motor Freight Sys. Inc.*, 431 U.S. at 405; *Kramer*, 2002 WL 1163619 at *1; *Lyon*, 80 F.R.D. at 667; *Buckner*, 1978 WL 40 at *2; *Walker*, 62 F.R.D. at 64; *Burns*, 1977 WL 51 at *3. For this reason, among others, courts regularly refuse to certify a class where plaintiffs delay in seeking certification. See, e.g., *Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (holding that the district court did not abuse its discretion in striking plaintiffs' class allegations because they provided no credible reason for their failure to file a certification motion prior to the deadline set forth in the local rules); *Hall v. Bio-Med. App., Inc.*, 671 F.2d 300, 302-03 (8th Cir. 1982) (holding that it was not an abuse of discretion to strike class allegations due to plaintiffs' failure to comply with a local rule requiring that a class certification motion be filed within ninety days after the case commenced); *Walton v. Eaton Corporation*, 563 F.2d 66, 74-75 & n. 11 (3d Cir. 1977) (failure to move for class certification within 90 days as required by the local rules justified denial of a class certification motion); *Price v. United Guaranty Residential Ins. Co.*,

8

No.Civ.A.3:03-CV-2643-G, 2005 WL 265164, *3 (N.D. Tex. Feb. 2, 2005) ("Price clearly failed to comply with the court's deadline for filing the motion for class certification and, as a result, he is now precluded from moving for class certification"); *Bruce v. County of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, *2 (N.D.N.Y. Oct. 20, 2003) ("Plaintiffs failed to comply with the clear deadline for filing the motion for class certification, and, as a result, they are now precluded from moving for class certification").

Nor is this a case where leniency might be warranted in order to effectuate the public policies that underlie class actions. It is not, for example, a case involving monetary damages where "each claim is so inconsequential that members of the class could not press the suit individually." *Carr v. New York Stock Exchange, Inc.*, 414 F.Supp. 1292, 1305 (C.D. Cal. 1976); see *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 161 (1974) ("A critical fact in this litigation is that petitioner's individual stake in the damages award he seeks is only $70. No competent attorney would undertake this complex antitrust action to recover so inconsequential an amount. Economic reality dictates that petitioner's suit proceed as a class action or not at all"). Given the large number of cases currently on the Central District's docket that have been brought by a single ADA plaintiff against commercial establishments, including restaurants, complaining of architectural barriers at single locations, there appears to be no shortage of plaintiffs and attorneys willing to file individual and/or class actions seeking redress for ADA violations.

For these reasons, the court concludes that plaintiffs have failed to establish that good cause exists for granting them leave to file a belated motion for class certification. This conclusion is supported by principles of judicial efficiency and by considerations of fundamental fairness to defendants, who ought not be faced with the prospect of further discovery on class certification issues when plaintiffs and their attorneys plainly failed to discharge their duties to ensure that this action proceeded in a timely and efficient manner. See *McCarthy*, 741 F.2d at 1411-12; *Walker*, 62 F.R.D. at 64.

### C.     Defendants' Motion To Strike The Class Allegations

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED.R.CIV.PROC. 12(f). A motion to strike is properly granted where the plaintiff seeks a form of relief that is not available as a

matter of law. *Rosales v. Citibank, Federal Savings Bank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001) ("Under Federal Rule of Civil Procedure 12(f), a party may move to strike 'any redundant, immaterial, impertinent, or scandalous matter.' . . . This includes striking any part of the prayer for relief when the relief sought is not recoverable as a matter of law"); *Bureerong v. Uvawas*, 922 F.Supp.1450, 1479 n. 34 (C.D. Cal. 1996) (". . . a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law").

When ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party. See *California v. United States*, 512 F.Supp. 36, 39 (N.D. Cal. 1981). Thus, "[b]efore granting such a motion . . . , the court must be satisfied that there are no questions of fact, that the [claim or] defense is insufficient as a matter of law, and that under no circumstance could [it] succeed." *Tristar Pictures, Inc. v. Del Taco, Inc.*, No. CV 99-07655 DDP(Ex), 1999 WL 33260839, *1 (C.D. Cal. Aug. 31, 1999).

As noted, plaintiffs failed to file a motion for class certification by July 7, 2006, the deadline imposed by Local Rule 23-3. Because the court has denied plaintiffs' motion for leave to file an untimely certification motion, the class allegations in the complaint are now "immaterial." As there is no set of circumstances under which plaintiffs could succeed on their putative class claims, the class allegations are properly stricken. See *Grandson*, 272 F.3d at 574 (district court did not abuse its discretion by striking class allegations where plaintiffs failed to move for class certification in a timely fashion); *Burkhalter v. Montgomery Ward & Co., Inc.*, 676 F.2d 291, 294 (8th Cir. 1982) (affirming the district court's decision to strike class allegations for failure to file a motion for class certification by the court-ordered deadline).

### III. CONCLUSION

For the reasons stated, the court denies plaintiffs' motion for leave to file a motion for class

certification *nunc pro tunc* and grants defendants' motion to strike the class allegations from the complaint.

DATED: December 29, 2006

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE